THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES ROPPOLO, True Name CHARLES JOSEPH ROPPOLO, Appellant.— Appeal from a judgment of the County Court of Queens County convicting defendant of a violation of section 1053-a of the Penal Law (criminal negligence in operation of vehicle resulting in death). There was proof on the part of the People that defendant drove his truck at an excessive speed, disregarded and passed a red light signal at a street intersection, and that the truck was struck by a bus which was crossing at right angles to the path of defendant's truck, resulting in the death of a wayfarer. Defendant claimed that as he entered the intersection the light signal was green in his favor and turned to red directly after he had entered the intersection, so that he did not have an opportunity to stop, with the result that the bus, entering on a signal which had just turned green, collided with his truck. Despite the conflict in the testimony, the jury was fully justified in finding defendant guilty as charged. However, serious error was committed by the court in connection with instructions to the jury given when it had returned to court after having deliberated more than six hours. The jury inquired of the court if it might find a verdict with a recommendation, meaning a recommendation of leniency. The court instructed the jury that it should find such a verdict as it deemed proper. The effect of the court's charge was that the jury was told that it might find a verdict with a recommendation of leniency and from that it may have been led to believe that, if it found such a verdict, the recommendation might receive consideration by the court. Eight minutes after the jury was so instructed, about enough time for the jury to retire and return to the courtroom, the jury found a verdict of guilty, with a recommendation of leniency. The instruction was erroneous and, in view of the conflict in the proof and the requirements of section 420 of the Code of Criminal Procedure, the error may not be overlooked (*People* v. *Sherwood*, 271 N. Y. 427; *People* v. *Lynch*, 284 id. 239), though no exception was taken. (Code Crim. Proc. § 527.) Judgment of conviction reversed on the law and a new trial ordered. As the appeal from the judgment of conviction raises all questions involved, the appeal from the order denying a motion for a new trial, made after such a motion had been duly made and denied and sentence pronounced, is dismissed. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.